IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Date:  April 13, 2012

Courtroom Deputy:  Bernique
Court Reporter:     Tracy Weir
Interpreter: Cathy Bahr
Probation Officer: Lisa Pence

**Criminal Action No.: 03-cr-00614-REB-1**

| *Parties:* | *Counsel:* |
|---|---|
| UNITED STATES OF AMERICA, | M.J. Menendez |
|  | Susan "Zeke" Knox |
| Plaintiff, |  |
| v. |  |
| 1.  OSCAR ARRIOLA, | Lawrence Herrmann |
| Defendant. |  |

**SENTENCING MINUTES**

**1:41 p.m.**     **Court in session.**

Court calls case.  Appearances of counsel.  Also present Special Agent, Paul Roach, and Assistant Special Agent, Frank Amavizca.

Defendant is present in custody.

Interpreter is sworn; parties stipulate as to interpreter's qualifications.

Court's opening remarks.

1:44 p.m.     Statement by Mr. Herrmann regarding the Court's ruling on Doc. No. 286.

1:48 p.m.     Comments and ruling by the Court.

*03-cr-00614-REB-1*
*Sentencing*
*April 13, 2012*

**ORDERED:   The Defendant's Oral Motion to close the proceedings to the public and media is DENIED, as specified.**

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and two addenda.

Counsel for the Government confirms that counsel has read the presentence report and addenda.

Counsel for the Defendant informs the court that counsel has read and discussed the presentence report and addenda with the Defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

**Defendant's Exhibit A tendered to the Court.**

**ORDERED:   Defendant's Oral Request to Seal Defendant's Exhibit A is DENIED, as specified.**

Further statement by Defendant's counsel on behalf of the Defendant.

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

**Government's Exhibit A offered.**

**ORDERED:   Government's Exhibit A is admitted for the limited purpose of this sentencing hearing.**

Further statement by counsel for the government.

**3:13 p.m.**     **Court in recess.**

**3:38 p.m.**     **Court in session.**

2

*03-cr-00614-REB-1*
*Sentencing*
*April 13, 2012*

The court has considered all relevant matters of fact and law, including the following:

- The parties' plea agreement, including the parties' written stipulation of facts relevant to sentencing;
- The nature and circumstances of the offenses – focusing on "the real conduct" – for which the defendant is being sentenced;
- The history and characteristics of the offender;
- The authorized sentences under 18 U.S.C. § 3551;
- The presentence report and any addenda;
- The basic purposes of criminal punishment: deterrence; incapacitation; just punishment; and rehabilitation as declared in the Sentencing Reform Act of 1984;
- The purposes and goals of sentencing as prescribed by Congress at 18 U.S.C. § 3553(a)(2);
- The factors to be considered in imposing sentence pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1)-(7);
- The constitutional and relevant provisions of the advisory USSG;
- The kinds of sentence and the sentencing range established under the USSG for the applicable category of offense committed by the applicable category of defendant pursuant to 18 U.S.C. § 3553(a)(4);
- The need to avoid unwarranted sentencing disparities by "ensuring similar sentences for those who have committed similar crimes in similar ways," *Booker*;
- The pertinent policy statements of the US Sentencing Commission;
- The need to impose sentences that satisfy the needs and requirements of 18 U.S.C. § 3553(a)(2);
- The advancement of the seminal congressional goals of honesty, uniformity, and proportionality in sentencing;
- The principle and requirement codified at 18 U.S.C. § 3553(a), to impose a sentence that is sufficient, but not greater than necessary, to achieve the congressional goals and purposes of sentencing;
- The propriety or necessity of imposing concurrent or consecutive sentences after considering the provisions of 18 U.S.C. § 3584(a) and (b);
- The position of the government, the defendant, and the probation department;
- The evidence presented, reasons stated, arguments advanced, authorities cited by the parties in their papers and during their oral argument and presentation.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment(s) of conviction, sentence(s), and orders.

*03-cr-00614-REB-1*
*Sentencing*
*April 13, 2012*

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1, 1a, 2 and 2a is formally approved;

2. That the pending motions are resolved as follows:

   **The Government's Sealed Doc. No. 245 (Filed 7/8/11),** as amended and supplemented by **The Government's Sealed Doc. No. 268 (Filed 11/22/11) is GRANTED**.

   **Request by the Defendant for either further departure or variance is DENIED.**

3. That judgment of conviction is entered on Counts One, Two, and Three of the Indictment;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the Defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **270 months** on **each of counts One, Two, and Three**, which sentences are imposed and shall be **served concurrently**;

5. That on his release from imprisonment, the Defendant shall be placed on supervised release for a term of **5 years on each of Counts One, Two, and Three, which terms, shall be served concurrently**;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

   - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

   - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

   - the following explicit or special conditions of supervised release:

     - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

4

*03-cr-00614-REB-1*
*Sentencing*
*April 13, 2012*

- that the defendant shall not possess or use illegally controlled substances;

- that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

- that the defendant shall cooperate in the collection of a sample of defendant's DNA;

- that if the defendant is removed from this country, then defendant shall not re-enter without the lawful approval and authority of the Secretary of the Department of Homeland Security;

- that if the defendant is removed from and then granted permission to lawfully return to this country, defendant shall report to the nearest United States Probation Department within 72 hours of defendant's lawful return to this country;

- that the defendant shall make and pay any fine as ordered and required by the court;

7. That the Defendant shall pay a fine of $1 million U.S.

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00 for each count of conviction for a total of $300;

9. That the mandatory drug-testing provisions of 18 U.S.C.. § 3583(d) are waived;

10. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

11. That this court recommends that the Bureau of Prisons designate the Defendant to a correctional institution or facility in La Tuna, Texas;

12. That the Defendant is remanded to the custody of the United States Marshal.

**ORDERED:  The Government's Request To Append Government's Exhibit 1 To**

*03-cr-00614-REB-1*
*Sentencing*
*April 13, 2012*

    **The Presentence Report And Sent To The Bureau Of Prisons For Consideration is GRANTED.**

Request by Defendant's counsel.

**ORDERED:**  **Defendant's Oral Request for Time To File A Motion to Seal is GRANTED. The matters to which Defendant intends to seek an order holding them under restriction shall be temporarily sealed. Counsel shall have to and including April 23, 2012 to present a motion under our local criminal Rule 47.1B.**

The Court admonishes Defendant's counsel regarding his lack of conformity to the Federal Rules of Criminal Procedure.

The Defendant is advised of the right to appeal the sentences imposed by the court.

**4:15 p.m.**   **Court in recess.**
Hearing concluded.
Total time in court: 2 hours, 9 minutes.